KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 322-9041
Fax: (916) 324-8835
E-mail: Anthony.Hakl@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**ITALIAN COLORS RESTAURANT, ALAN CARLSON, LAURELWOOD CLEANERS, LLC, JONATHAN EBRAHIMIAN, FAMILY LIFE CORPORATION d/b/a FAMILY GRAPHICS, TOSHIO CHINO,**

Plaintiffs,

**v.**

**KAMALA D. HARRIS, in her official capacity as Attorney General of the State of California,**

Defendant.

2:14-cv-00604-MCE-DAD

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Kamala D. Harris, in her official capacity as Attorney General of the State of California, answers plaintiffs Italian Colors Restaurant, Alan Carlson, Stonecrest Gas & Wash, Salam Razuki, Laurelwood Cleaners, LLC, Jonathan Ebrahimian, Leon's Transmission Service, Inc., Vincent Archer, Family Life Corporation d/b/a Family Graphics, and Toshio Chino's first amended complaint as follows:

**ANSWER TO PLAINTIFFS' INTRODUCTION**

1. To the extent the unnumbered paragraphs in plaintiffs' introduction constitute material allegations of fact, the Attorney General denies the allegations.

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION**

2. Answering paragraph 1 of the first amended complaint, the Attorney General avers the allegations are conclusions of law to which no response is required. To the extent that a response is required, the Attorney General denies each and every allegation.

**ANSWER TO PLAINTIFFS' DESCRIPTION OF THE PARTIES**

3. Answering paragraph 2 of the first amended complaint, the Attorney General admits the allegations of the first sentence of paragraph 2 based on information and belief. Answering the remaining allegations of paragraph 2, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

4. Answering paragraphs 3 through 4 of the first amended complaint, the Attorney General states that the matters asserted in those paragraphs constitute plaintiffs' arguments regarding the law, particularly the California law generally prohibiting retailers from imposing a surcharge on individuals who elect to use a credit card in lieu of cash and similar laws of other states, as opposed to allegations of fact. Because the relevant statutes, any relevant constitutional provisions, and authorities addressing those provisions speak for themselves, no response to the legal and policy arguments in paragraphs 3 through 4 is required. To the extent those paragraphs contain any material allegations of fact, the Attorney General denies the allegations.

5. Answering paragraph 5 of the first amended complaint, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

6. Answering paragraph 6 of the first amended complaint, the Attorney General admits the allegations of the first sentence of paragraph 6 based on information and belief. Answering the remaining allegations of paragraph 6, the Attorney General lacks sufficient information or

knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

7. Answering paragraphs 7 through 9 of the first amended complaint, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

8. Answering paragraph 10 of the first amended complaint, the Attorney General admits based on information and belief that there are businesses known as Laurelwood Cleaners and Laundry in Studio City, California and Milo's Cleaners and Laundry in North Hollywood, California. Answering the remaining allegations of paragraph 10, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

9. Answering paragraphs 11 through 12 of the first amended complaint, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

10. Answering paragraph 13 of the first amended complaint, the Attorney General admits based on information and belief that there is a business known as Leon's Transmission Service with seven locations in Southern California. Answering the remaining allegations of paragraph 13, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

11. Answering paragraphs 14 through 17 of the first amended complaint, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

12. Answering paragraph 18 of the first amended complaint, the Attorney General admits based on information and belief that there is a business known as Family Graphics based in California that offers design, promotional, printing, photography and website services. Answering the remaining allegations of paragraph 18, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

13. Answering paragraphs 19 through 20 of the first amended complaint, the Attorney General lacks sufficient information or knowledge to form a belief about the truth of each and every allegation and therefore denies them on that basis.

14. Answering paragraph 21 of the first amended complaint, the Attorney General admits that she is California's chief law enforcement officer, generally responsible for ensuring that state laws are uniformly and adequately enforced. The Attorney General also admits that she is being sued in her official capacity only. Any other material allegations in paragraph 21 are denied.

**ANSWER TO PLAINTIFFS' FACTUAL BACKGROUND**

15. To the extent the unnumbered headings contained throughout plaintiffs' factual background constitute material allegations of fact, the Attorney General denies the allegations.

16. Answering paragraphs 22 through 54 of the first amended complaint, the Attorney General states that the matters asserted in those paragraphs constitute plaintiffs' arguments regarding the law, particularly the California law generally prohibiting retailers from imposing a surcharge on individuals who elect to use a credit card in lieu of cash and similar laws of other states, as opposed to allegations of fact. Because the relevant statutes, any relevant constitutional provisions, and authorities addressing those provisions speak for themselves, no response to the legal and policy arguments in paragraphs 22 through 54 is required. To the extent those paragraphs contain any material allegations of fact, the Attorney General denies the allegations.

**ANSWER TO PLAINTIFFS' FIRST CLAIM FOR RELIEF**

17. Answering paragraphs 55 through 56 of the first amended complaint, the Attorney General states that the matters asserted in those paragraphs constitute plaintiffs' arguments regarding the law, particularly the California law generally prohibiting retailers from imposing a surcharge on individuals who elect to use a credit card in lieu of cash and similar laws of other states, as opposed to allegations of fact. Because the relevant statutes, any relevant constitutional provisions, and authorities addressing those provisions speak for themselves, no response to the legal and policy arguments in paragraphs 55 through 56 is required. To the extent those paragraphs contain any material allegations of fact, the Attorney General denies the allegations.

**ANSWER TO PLAINTIFFS' SECOND CLAIM FOR RELIEF**

18. Answering paragraph 57 of the first amended complaint, the Attorney General states that the matters asserted in that paragraph constitutes plaintiffs' arguments regarding the law, particularly the California law generally prohibiting retailers from imposing a surcharge on individuals who elect to use a credit card in lieu of cash and similar laws of other states, as opposed to allegations of fact. Because the relevant statutes, any relevant constitutional provisions, and authorities addressing those provisions speak for themselves, no response to the legal and policy arguments in paragraph 57 is required. To the extent that paragraph contains any material allegations of fact, the Attorney General denies the allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(No Ripe Controversy)**

The complaint fails to present a case or controversy that is ripe for this Court's consideration.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

All of the plaintiffs lack standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

**(Eleventh Amendment Immunity)**

Plaintiffs' claims are barred by the Eleventh Amendment.

**FOURTH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiffs' claims are barred by the doctrine of res judicata (claim and issue preclusion).

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

All or part of plaintiffs' claims are barred by the statute of limitations applicable to actions under 42 U.S.C. section 1983.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of License)**

Plaintiffs' claims are barred by their failure to procure the necessary occupational or business licenses or permits.

**PRAYER FOR RELIEF**

The Attorney General prays for judgment as follows:

1. That plaintiffs take nothing by way of their complaint;

2. That the Court enter judgment in favor of the Attorney General on all claims and causes of action alleged in the complaint;

3. For costs incurred in the defense of this action; and

4. For such other and further relief as the Court may deem proper.

Dated: April 15, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Anthony R. Hakl*

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant*

SA2014115143
11327403.doc